**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHANEL M. FALASCO, ) ) ) Plaintiff, ) ) - v - ) ) ) GUCCI AMERICA, INC., a New York ) corporation, ) ) Defendant. ) ) ) ) | Case No. 1:17-cv-07081 Hon. Amy J. St. Eve **ANSWER** |

Defendant, Gucci America, Inc., by its attorneys Davis Wright Tremaine LLP and Williams, Bax and Saltzman, P.C., state as follows for its answer to the Complaint:

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring an action under the statute and laws referenced therein.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint, except admits that Plaintiff purports to invoke the venue of this Court.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant states that Paragraph 7 sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint, except admits that Gucci is a retailer of leather goods, clothing and other luxury fashion products which hired Plaintiff as a Sales Associate at Gucci's Chicago flagship boutique located at 900 North Michigan Avenue, Chicago, Illinois (the "Boutique"), where she started work on or about July 15, 2014.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.[1]

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint. Further responding, although Defendant denies that Plaintiff suffered health consequences as the result of unlawful conduct attributable to Defendant, Defendant denies knowledge or information sufficient to form a belief as to whether Plaintiff suffered from the symptoms described in Paragraph 16 as the result of some other event or condition.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

---

[1] Although "Byrne" is not specifically identified by first name in the Complaint, Defendant believes it understands to whom the Complaint is referring.

2

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint, except admits that access to one, off-site storeroom for the Boutique required the assistance of a manager or other storeroom keyholder.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint, except admits Plaintiff was issued an annual review in or about the first quarter of calendar year 2015. Defendant respectfully refers the Court to that document for a complete and accurate recitation of its contents.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, except admits that the Boutique's customary practice is to have the Boutique Manager and/or an Assistant/Associate Manager meet with each employee to discuss his/her annual review.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint, except admits that Byrne was transferred to a Store Manager position at Gucci's boutique in Coral Gables, Florida.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint, except admits that Plaintiff was required to complete an anti-harassment training module (as were all Boutique employees).

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint, and, further answering, responds that Plaintiff was orally warned for making an inappropriate joke about the anti-harassment training.

36. Defendant admits the allegations contained in Paragraph 36 of the Complaint and, further answering, responds that after Plaintiff tendered her resignation she (i) offered to return to work in the Boutique for inventory-taking after her official employment end-date; (ii) advised the Boutique Manager that she had a positive experience working at the Boutique and a good relationship with Gucci colleagues; and (iii) never raised any concern that she experienced any of the conduct alleged in the Complaint (or any inappropriate conduct whatsoever), including during her exit interview with Human Resources.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, except admits that it received a copy of Exhibit 1 from the Equal Employment Opportunity Commission.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint, except admits that it received from the Equal Employment Opportunity Commission a copy of

4

Exhibit 2 entitled Letter of Determination and respectfully refers the Court to that document for a complete and accurate account of its contents.

39. Defendant admits the allegations contained in Paragraph 39 of the Complaint and, further answering, avers that the Equal Employment Opportunity Commission failed to engage in good faith efforts to achieve resolution.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Defendants repeats and realleges the responses contained in each of the preceding paragraphs of the Answer, as if fully set forth herein.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint and, further answering, avers that Plaintiff: (i) voluntarily resigned her employment with Gucci and offered to return to work in the Boutique for inventory-taking after her official employment end-date; (ii) advised the Boutique Manager that she had a positive experience working at the Boutique and a good relationship with Gucci colleagues; (iii) never raised any concern that she experienced any of the conduct alleged in the Complaint (or any inappropriate conduct whatsoever), including during her exit interview with Human Resources; and (iv) the Equal Employment Opportunity Commission did <u>not</u> find reasonable cause to believe that Plaintiff was constructively discharged.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

Unnumbered WHEREFORE Paragraph: Defendant denies the allegations contained in the unnumbered WHEREFORE paragraph.

50. Defendant repeats and realleges the responses contained in each of the preceding paragraphs of the Answer, as if fully set forth herein.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant states that Paragraph 55 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

Unnumbered WHEREFORE Paragraph: Defendant denies the allegations contained in the unnumbered WHEREFORE paragraph.

58. Defendant repeats and realleges the responses contained in each of the preceding paragraphs of the Answer, as if fully set forth herein.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint, except admits that Byrne reported to Defendant that he suspected that he had been involuntarily incapacitated at a business establishment in Los Angeles at an event that was not associated with Defendant or any work-related event.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Paragraph 69 sets forth legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

Unnumbered WHEREFORE Paragraph: Defendant denies the allegations contained in the unnumbered WHEREFORE paragraph.

## DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations and/or filing periods, and/or by the doctrines of laches, estoppel, unclean hands and/or waiver.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted, in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, to the extent that Plaintiff failed to exhaust all administrative prerequisites before filing suit and/or the to the extent that the Complaint exceeds the scope of Plaintiff's EEOC Charge.

### FOURTH AFFIRMATIVE DEFENSE

At all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, Defendant had established and complied with readily accessible and effective policies and procedures for the detection, reporting, prevention, and remediation of unlawful employment practices, including harassment, and Plaintiff unreasonably failed to avail herself of such policies and procedures.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is entitled to the affirmative defense recognized by the United States Supreme Court in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered damages, which Defendant expressly denies upon information and belief, Plaintiff has failed to make reasonable and diligent efforts to mitigate her damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendant's conduct was not willful, motivated by evil motive or intent, or in reckless indifference to Plaintiff's legally protected rights.  To the extent that any of Defendant's agents acted with such willfulness, evil motive or

intent, or reckless indifference to Plaintiff's legally protected rights, which Defendant expressly denies, such actions were contrary to Defendant's good-faith efforts to enforce its anti-discrimination policies.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's discrimination and harassment claims fail because there was no adverse action, termination, or constructive discharge.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff, by her own acts and omissions, is estopped in whole or in part, or has waived her right to assert her termination claim, including because Plaintiff voluntarily resigned her employment and Defendant relied on that resignation in processing her separation from employment.

### TENTH AFFIRMATIVE DEFENSE

Count Three entitled "Negligent Retention and Supervision," and all claims for emotional distress are barred by the exclusivity provisions of the Illinois Workers' Compensation Act.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Defendant is found to be vicariously liable for the alleged acts of employees committed within the scope of employment, which Defendant expressly denies, then Plaintiff's Count Three for "Negligent Retention and Supervision" is barred.

### TWELFTH AFFIRMATIVE DEFENSE

Any claimed damages are barred under the after-acquired evidence doctrine to the extent that Defendant gained or gains after-acquired evidence of acts or omissions by Plaintiff that would have materially affected the terms or status of her employment position, including that would have caused her position to end.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery on the Complaint, or any cause of action or purported cause of action alleged therein, is barred on the grounds that some or all of the conduct alleged was not unwelcome.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's alleged injuries are due to other circumstances existing in Plaintiff's life during or to pre-existing conditions, not to any actions of Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant's actions were a legitimate exercise of Defendant's business judgment, and Defendant at all times was acting in good faith.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant lacks actual or constructive knowledge of the conduct alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint and any relief sought by Plaintiff are barred, in whole or in part, by such additional defenses as Defendant may have that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not yet commenced. Accordingly, Defendant reserves the right to supplement and/or amend the foregoing and to raise additional defenses as the case progresses.

### NINETEENTH AFFIRMATIVE DEFENSE

Count Three entitled "Negligent Retention and Supervision" is barred by the exclusivity provisions of the Illinois Human Rights Act.

**WHEREFORE**, defendant Gucci America, Inc. respectfully requests that the Complaint be dismissed with prejudice and that it be awarded costs, including reasonable attorneys' fees, along with such other and further relief as the Court may deem just and proper.

Dated: December 4, 2017

Respectfully submitted,

By: /s/ Lyle S. Zuckerman
Lyle S. Zuckerman (Bar No. 2810273)
Kaitlyn E. Fallon (Bar No. 5295860)
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 603-6452

By: /s/ Kerry E. Saltzman
Kerry E. Saltzman (ARDC No. 6191194)
Aaron W. Chaet (ARDC No. 6299264)
WILLIAMS, BAX & SALTZMAN, P.C.
Attorneys for Defendant
121 West Wacker Drive, Suite 3700
Chicago, IL 60601
(312) 372-3311

**CERTIFICATE OF SERVICE**

  The undersigned, an attorney, hereby certifies that on this 4th day of December, 2017, he caused true and correct copies of the foregoing Answer to be served on the following counsel of record via the Court's ECF system:

Richard Zito, Esq.<br>
200 E. Randolph Dr.<br>
Suite 5100<br>
Chicago, IL 60601

/s/ Lyle S. Zuckerman
Lyle S. Zuckerman (Bar No. 2810273)
Kaitlyn E. Fallon (Bar No. 5295860)
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230

Kerry E. Saltzman (ARDC No. 6191194)
Aaron W. Chaet (ARDC No. 6299264)
WILLIAMS, BAX & SALTZMAN, P.C.
Attorneys for Defendants
221 N. LaSalle St., Ste. 3700
Chicago, IL 60601
312.372.3311 (p)
312.372.5720 (f)